UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

WILIBALDO MEDINA COLMENAREZ
ON BEHALF OF
WILIFREDO JOSE MEDINA
COLMENAREZ,

                Petitioner,

v.

KEVIN RAYCRAFT,

                Respondent.

_____/

Case No. 1:26-cv-1122

Honorable Paul L. Maloney

**OPINION**

Wilibaldo Medina Colmenarez initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on behalf of Wilifredo Jose Medina Colmenarez (Petitioner), a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241

**Discussion**

**I.    Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondent to release Petitioner or ordering Respondent to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.2.)

In an order entered on April 9, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondent filed his response on April 13, 2026. (ECF No. 4.)

## II.     Next Friend Status

As a preliminary matter, the Court must determine whether Wilibaldo Medina Colmenarez may proceed as "next friend" of Petitioner. A petition for a writ of habeas corpus must be in writing and "signed and verified by the person for whose relief it is intended or by someone acting in his behalf," known as a "next friend." 28 U.S.C. § 2242; *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1989). "A 'next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Whitmore*, 495 U.S. at 163 (citations omitted). Next friend status, therefore, is an exception to 28 U.S.C. § 1654, which states: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654.

To act on a detainee's behalf, a putative next friend must demonstrate that the detainee is unable to prosecute the case on her own behalf due to "inaccessibility, mental incompetence, or other disability" and that the next friend is "truly dedicated to the best interests of the person on whose behalf he [or she] seeks to litigate." *Whitmore*, 495 U.S. at 163–64 (citations omitted); *see West v. Bell*, 242 F.3d 338, 341 (6th Cir. 2001); *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998). The *Whitmore* Court noted that the next friend might demonstrate her dedication to the "best interests" of the real party in interest by showing "some significant relationship" with that party. *Whitmore*, 495 U.S. at 164. The putative next friend must clearly establish "the propriety of his status" in order to "justify the jurisdiction of the court." *Id.* (citations omitted). Standing to

proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id*. at 163.

"[A] next-friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition." *Wilson v. Lane*, 870 F.2d 1250, 1253 (7th Cir. 1989) (citing *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978)). The putative next friend "must clearly and specifically set forth facts sufficient to satisfy the[] Art[icle] III standing requirements" because "[a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Whitmore*, 495 U.S. at 155–56 (citation omitted). Most significantly, "when the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." *Weber*, 570 F.2d at 514; *see Whitmore*, 495 U.S. at 163.

In this action, reviewing the pleadings and attached documents, the Court concludes that Wilibaldo Medina Colmenarez, Petitioner's brother, has satisfied the foregoing requirements. Accordingly, the Court will permit Wilibaldo Medina Colmenarez to proceed as next friend to Petitioner.

## III.    Factual Background

Petitioner is a native and citizen of Venezuela. (Notice to Appear (NTA), ECF No. 4-1, PageID.161.) Petitioner entered the United States on or about October 2, 2023, at or near Eagle Pass, Texas, without inspection. (*Id.*) The following day, Border Patrol agents encountered and arrested Petitioner. (2023 Form I-213, ECF No. 4-2, PageID.166.) The Department of Homeland Security (DHS) issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the

United States at any time or place other than as designated by the Attorney General." (NTA, ECF No. 4-1, PageID.161.) DHS then released Petitioner into the United States on his own recognizance "[i]n accordance with section 236 of the [INA]," which is codified at 8 U.S.C. § 1226. (Order Release Recognizance, ECF No. 4-3, PageID.169.)

In December 2025, ICE agents arrested Petitioner. (Pet., ECF No. 1, PageID.1; 2025 Form I-213, ECF No. 4-4, PageID.172.) On January 30, 2026, an Immigration Judge denied Petitioner's request for a custody redetermination, citing lack of jurisdiction. (Jan. 30, 2026, Immigration Judge Order, ECF No. 4-7, PageID.186.)

On February 19, 2026, an Immigration Judge ordered Petitioner removed to Ecuador. (Pet., ECF No. 1, PageID.1.) Petitioner filed an appeal of that decision, which remains pending. (Pet., ECF No. 1, PageID.1.) Petitioner also filed a motion to reconsider, which was denied on March 4, 2026. (Mar. 4, 2026, Immigration Judge Order, ECF No. 4-9, PageID.195.)

## IV.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## V.    Exhaustion

Respondent argues that the Court should deny Petitioner's request for habeas corpus relief because Petitioner has not exhausted his administrative remedies. Specifically, Respondent argues

4

that Petitioner should pursue a bond hearing and, if necessary, appeal any unfavorable decision to the Board of Immigration Appeals.

The Court declines to enforce the doctrine of prudential exhaustion against Petitioner, and even if the Court were to conclude that exhaustion is warranted, the Court concludes in the alternative that waiver of exhaustion is appropriate, for the reasons set forth in the Court's exhaustion analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025).

Accordingly, the Court will proceed to address the merits of Petitioner's § 2241 petition.

## VI.    Merits Discussion

### A.    Statutory Basis for Petitioner's Detention

Petitioner contends that Respondent has violated the INA by concluding that Petitioner is detained pursuant to the mandatory detention provisions set forth in 8 U.S.C. § 1225(b)(2). Respondent, however, contends that Petitioner meets every element for detention under § 1225(b)(2), and that the statute's structure and history support Respondent's interpretation.

The Court concludes that § 1226(a), not § 1225(b)(2)(A), governs noncitizens, such as Petitioner, who have resided in the United States and were already within the United States when apprehended and arrested for the reasons set forth in the Court's statutory analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *3–6 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *4–6 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577,

at *4–7 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *3–6 (W.D. Mich. Dec. 12, 2025).[1]

### B.    Fifth Amendment Due Process Considerations

Petitioner also argues that his detention violates the Fifth Amendment's Due Process Clause. Respondent counters Petitioner's arguments by stating that Petitioner has received notice of the charges against him, has access to counsel, may attend hearings with an immigration judge, has the right to appeal the denial of any request for bond, and has been detained by ICE for a relatively short period of time.

The Court concludes that Petitioner's current detention under the mandatory detention framework set forth in § 1225(b)(2)(A) violates Petitioner's Fifth Amendment due process rights for the reasons set forth in the Court's constitutional analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *6–8 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *7–8 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *7–9 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *6–8 (W.D. Mich. Dec. 12, 2025).

### VII.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

---

[1] The Court is aware of *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which was recently issued by the United States Court of Appeals for the Fifth Circuit, and *Avila v. Bondi*, No. 25-3248, --- F.4th ----, 2026 WL 819258 (8th Cir. Mar. 25, 2026), which was recently issued by the United States Court of Appeals for the Eighth Circuit. At this time, these non-binding cases do not change the Court's analysis.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondent to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's opinion and judgment with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody.[2] The Court will also order Respondent to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:    April 22, 2026                           /s/ Paul L. Maloney
                                                   Paul L. Maloney
                                                   United States District Judge

---

[2] This Court has adopted a standard practice of requiring such a hearing within five business days, even if the Petitioner requests a deadline that is shorter or longer or only release.